OPINION
Appellant Shirley Keesler appeals the September 15, 1999 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, which granted permanent custody of the minor Mark Haggins to appellee Licking County Department of Human Services (hereinafter "DHS").
 STATEMENT OF THE CASE AND FACTS
Appellant is the biological aunt and adoptive mother of Mark Haggins. Mark is from all accounts, a sensitive, loving and affectionate child with serious developmental disabilities. On November 7, 1997, DHS filed a complaint alleging Mark Haggins to be a dependent child. In a January 20, 1998 Judgment Entry, the trial court adjudicated Mark a dependent child. DHS established a case plan and worked with appellant and her husband, Richard Keesler, to correct certain issues which led to DHS' initial involvement. Specifically, appellant and her husband each had problems with drugs and alcohol, and had failed to maintain a stable home environment. Appellant and her husband attended counseling, found a suitable new home, and met most of the case plan goals. Unfortunately, appellant and her husband continued to use drugs and alcohol. On April 1, 1999, DHS filed a motion for permanent custody.
The matter proceeded to an adjudicatory hearing on June 2, 1999. At that time, DHS presented the testimony of Margaret Judge, a DHS social worker; Harlan Harmon, a counselor at L.A.P.P.; and Jennifer Winebrenner, an assistant Boys Village coordinator. Appellant offered no evidence in the form of either testimony or exhibits. Margaret Judge was the first to testify. Ms. Judge developed the case plan for re-unification of the family. Ms. Judge acknowledged appellant and her husband obtained suitable housing as part of the case plan, and appellant was current in her child support for the child. Because of their problems with drugs and alcohol, Ms. Judge arranged a scheduled drug screen every Friday. Both tested positive for cocaine and/or marijuana on approximately half of the drug screens given. Ms. Judge testified appellant and Mark had a loving, affectionate relationship. Appellant missed only one visitation with the child, apparently because of a mis-communication. Ms. Judge noted Mark is obviously attached to his mother, longing to see her and quick to tears at their separation. Harlan Harmon was next to testify. Mr. Harmon was Richard Keesler's counselor in the L.A.P.P. program. Mr. Keesler had been referred to L.A.P.P. as part of his sentence on a misdemeanor conviction for driving under the influence, and the program was not part of the case plan for the reunification of the family. Mr. Harmon's counseling centered on helping Mr. Keesler overcome his addiction to alcohol. Mr. Harmon noted Mr. Keesler was aware of his alcohol addiction and had progressed toward controlling his problem.
However, Mr. Keesler missed a number of appointments and had, at the time of the adjudicatory hearing, failed to complete the program.
Finally, the state presented the testimony of Jennifer Winebrenner, the assistant network coordinator of Boys Village and a counselor for some foster children placed in foster care through the Boys Village program. Ms. Winebrenner testified appellant and Mr. Keesler attended all scheduled visitations and their behavior on each occasion was appropriate and affectionate toward Mark. Ms. Winebrenner further testified she believed Mark had a strong bond with his mother and would in all likelihood be devastated by a permanent separation from her. However, Ms. Winebrenner opined a grant of permanent custody to DHS was preferable to a long term foster care placement for Mark. Ms. Winebrenner felt the continued drug and alcohol use by appellant was indicative of her inability to provide a stable environment for Mark, no matter how loving the relationship. In a September 15, 1999 Judgment Entry, the trial court granted permanent custody to DHS and terminated appellant's parental rights. It is from that judgment entry appellant prosecutes this appeal assigning as error the following:
 I. THE TRIAL COURT ERRED IN FINDING, BY CLEAR AND CONVINCING EVIDENCE, THAT IT IS IN THE BEST INTEREST OF MARK HAGGINS TO GRANT CUSTODY TO THE LICKING COUNTY DEPARTMENT OF HUMAN SERVICES.
 I
In her sole assignment of error, appellant maintains the trial court erred in finding it was in Mark's best interests to grant permanent custody to DHS. We disagree. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279. The relevant statute is R.C. 2151.41.4. That statute provides, in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 * * *
In determining the best interest of a child, R.C. 2151.41.4(D) states:
 (D) . . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
At the hearing, the testimony was undisputed appellant and her husband both had serious problems with drugs and alcohol. Although each had made excellent strides toward controlling their problems, at the time of the hearing, both were still using and/or abusing drugs and alcohol. It is clear the trial court took into account the warm and affectionate relationship between appellant and Mark. However, the trial court concluded:
 4. It has been established by clear and convincing evidence that following Mark's removal from the home, and despite reasonable and diligent efforts of the Agency to assist the parents, both Shirley Keesler and Richard Keesler have failed continuously and repeatedly to substantially remedy the conditions which led to removal. Both parents continue to test positive for marijuana and cocaine and exhibit evidence of alcohol use/abuse. The parties have not complied with the case plan requirements regarding counseling o [sic] help remedy this condition which led to removal.
* * *
 7. The need for stability and predictability in the child's life as well as the special needs of Mark outweigh the recognizable bond between the mother and the child and clearly outweighs the trauma associated with a permanent termination of the parent/child relationship. Mark experiences trauma when his foster placement changes. Therefore, permanency in his placement is even more crucial top [sic] Mark than usual. The parents are unable to provide such permanency for Mark.
 8. The custodial history in this case also militates toward an award of permanent custody given the amount of time the child has been out of the home and the limited likelihood of his being returned to a parent anytime soon. The child's needs are being met he continues to thrive in his current placement and he has developed a bond with his current foster providers.
Magistrate's Decision at 4.
However, a best interest determination is not sufficient to grant permanent custody of a child to an agency and divest parents of their parental rights. In the instant case, the trial court found: 5. The parent[`]s chemical dependency is of such a nature as to render the parent unable to provide an adequate permanent home for the child either at this time or at any time in the foreseeable future, most specifically within one (1) year of this date.
Based upon the foregoing, we find the trial court's finding it was in Mark's best interest to grant permanent custody to DHS was not against the manifest weight of the evidence.
Appellant's sole assignment of error is overruled. The September 15, 1999 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
 ___________________ Hoffman, P.J.
FARMER, J. and WISE, J. CONCUR.